

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:       In re Staten Island Marine Development, LLC

Appellate case number:    01-21-00001-CV

Trial court case number:   2020-20292

Trial court:               164th District Court of Harris County

In the underlying proceeding, relator, Staten Island Marine Development, LLC, filed a special appearance, challenging the trial court's jurisdiction over it because it is a Delaware limited liability company with its principal place of business in New York. In connection with relator's special appearance, real party in interest, Kinder Morgan Liquids Terminals, LLC, filed a "Motion to Compel Jurisdictional Discovery." On December 14, 2020, the trial court entered an "Order Compelling Discovery," overruling objections and ordering relator to serve supplemental responses to several discovery requests propounded by real party in interest.

On January 3, 2021, relator filed a petition for writ of mandamus in this Court, challenging the trial court's December 14, 2020 order, arguing that several of the discovery requests at issue are "unrelated to and outside the scope of jurisdictional discovery." The December 14, 2020 order was signed by the Honorable Michael Landrum. At the time of the filing of relator's petition for writ of mandamus, Judge Landrum ceased to hold the office of judge of the 164th District Court of Harris County, Texas, and was succeeded by the Honorable C. Elliott Thornton.

Accordingly, on January 3, 2021, we abated this original proceeding and remanded to the trial court to allow Judge Thornton to reconsider the ruling made the basis of relator's petition. *See* TEX. R. APP. P. 7.2(b). On March 30, 2021, the trial court entered an order "re-affirm[ing] in full" the December 14, 2020 Order Compelling Discovery.

On April 29, 2021, relator filed a "Motion to Reinstate Petition for Writ of Mandamus and Emergency Motion for Temporary Relief (Motion to Stay Pending the Petition)." In the motion, relator first requests that we reinstate this original proceeding on the Court's active docket, as Judge Thornton has been afforded the opportunity to reconsider and has "re-affirmed" the December 14, 2020 Order Compelling Discovery.

Relator's motion includes a certificate of conference representing that real party in interest is not opposed to the reinstatement of this original proceeding.

Accordingly, relator's motion to reinstate petition for writ of mandamus is **granted**, and we **reinstate** this original proceeding on the Court's active docket. We further request a response to the petition for writ of mandamus from real party in interest. **The response, if any, is due to be filed with this Court no later than twenty days from the date of this order**.

Relator's motion also seeks emergency temporary relief "in the form of a stay of any discovery obligations set forth in the district court pending th[is] Court's disposition" of relator's mandamus petition. We note that the request for a stay of "any discovery obligations" in the underlying proceeding goes beyond the relief requested in the mandamus petition, where relator requests that this Court "issue a writ of mandamus directing the district court to amend its December 14, 2020 Order Compelling Discovery to strike the requirements that [relator] respond to Interrogatories 4, 5, 6, 7, 8, and 10 and Requests for Production 3, 5, 6, 7, 8, 10, 11, and 12."

Accordingly, relator's emergency motion to stay is **granted in part**, and we stay relator's obligation to respond to "Interrogatories 4, 5, 6, 7, 8, and 10 and Requests for Production 3, 5, 6, 7, 8, 10, 11, and 12" pending resolution of this petition for writ of mandamus. *See* TEX. R. APP. P. 52.10(b).

It is so ORDERED.


Judge's signature: __/s/ Amparo Guerra_____
            ☑ Acting individually    ☐ Acting for the Court


Date: __April 30, 2021____